UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KALA FRANKLIN | CIVIL ACTION |
| VERSUS | NO: 14-4 |
| DIXIE RICE AGRICULTURE, INC., ET AL | SECTION: "H"(3) |

### ORDER AND REASONS

The Court now examines subject matter jurisdiction *sua sponte*.  Defendant has failed to adequately allege diversity jurisdiction in its Notice of Removal.  Accordingly, Defendant shall amend its Notice of Removal to correct this jurisdictional defect within 30 days of the entry of this Order or the case will be remanded for lack of subject matter jurisdiction.

### BACKGROUND

This action was originally filed by Plaintiff in Louisiana state court on September 5, 2013.

1

Following dismissal of non-diverse defendants, Defendant, Alltel Communications, LLC, removed the action to this Court. Defendant's notice of removal alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332, diversity of citizenship.

**LAW AND ANALYSIS**

This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*. *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (citing *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004)). Subject matter jurisdiction in this case is allegedly premised upon diversity of citizenship. *See* 28 U.S.C. § 1332. Cases arising under § 1332 require, *inter alia*, complete diversity of citizenship. *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McClaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted). In this matter, the burden of proving complete diversity lies with Defendant. *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citations omitted). To carry this burden, Defendant must "distinctly and affirmatively allege [ ] the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (alteration in original) (internal quotation marks and citations omitted).

The "citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v.*

*Grey Wold Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted).  Accordingly, Defendant "must list the citizenship of each member of each limited liability company to properly allege diversity of jurisdiction."  *Bona Fide Demolition & Recovery, LLC v. Crosby Constr. Co. of Louisiana, Inc.*, No. 07–3115, 2009 WL 413504, at *1 (E.D. La. Feb. 18, 2009) (citations omitted); *see also Pyramid Transp., Inc. v. Greatwide Dallas Mavis, LLC*, No. 3:12–CV–0149–D, 2013 WL 840664, at *6 (N.D. Tex. Mar. 7, 2013) ("The citizenship of each member of a limited liability company must be alleged.") (citations omitted); *Toney v. Knauf Gips KG*, No. 12–638–JJB–SCR, 2012 WL 5923960, at *1 (M.D. La. Oct. 25, 2012) ("[T]o properly allege the citizenship of a limited liability company . . . the party asserting jurisdiction must identify each of the entity's members . . . and the citizenship of each [member].") (internal footnote and citations omitted).

      Defendant's Notice of Removal fails to properly allege the citizenship of Alltel Communications, LLC.  The Notice alleges that Defendant "is a limited liability company formed in Delaware with its principal place of business in Basking Ridge, New Jersey."  However, as explained above, in order to properly plead the citizenship of an LLC, Defendant must plead the identity and citizenship of each member of the LLC.  Thus, the Notice of Removal fails to properly plead the citizenship of Defendant.

## CONCLUSION

Because Defendant's Notice of Removal fails to adequately allege jurisdiction, the Court **ORDERS** that Defendant amend its Notice of Removal within 30 days of the entry of this Order to properly allege jurisdiction or the case will be remanded for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 14th day of January, 2014.

*[signature]*

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**